Slip Op. 11-78

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE POMEROY COLLECTION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Pogue, Chief Judge <br><br> Consol. Court No. 04-00290[1] |

OPINION

[Plaintiff's motion for summary judgment is granted; Defendant's cross-motion for summary judgment is denied.]

Dated: July 6, 2011

Fitch, King, LLC (Peter J. Fitch) for Plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Beverly A. Farrell and Mikki Cottet) for Defendant.

**Pogue, Chief Judge:** This action is about the correct tariff classification of two items of glass merchandise that Plaintiff, The Pomeroy Collection, Ltd. ("Pomeroy" or "Plaintiff"), imported from Mexico. The United States Customs and Border Protection ("Customs") classified both items of merchandise, under Heading 7013 of the Harmonized Tariff Schedule of the United States ("HTSUS"), as "[g]lassware of a kind used for . . . indoor decoration or similar purposes," with a 5, 10, or 12% *ad valorem* duty. Plaintiff claims that the merchandise is properly classified, under Heading 9405, as parts of lamps, which Plaintiff also imports. Parts of lamps, classified under Heading 9405, are duty free when imported from

---

[1] This action is consolidated with Court Nos. 05-00105 and 05-00512.

Mexico.

Before the court are cross-motions for summary judgment.[2] The court has jurisdiction pursuant to 28 U.S.C. § 1581(a)(2006).

As explained below, because there is no genuine dispute as to any material fact, and because Plaintiff's lamps could not function in their intended manner without the glass merchandise at issue, that merchandise is appropriately classified as parts of Plaintiff's lamps. Accordingly, the court grants Plaintiff's motion.

## BACKGROUND

At issue are 25 entries of Pomeroy's glass merchandise, identified as sku 804427, and two entries of another Pomeroy glass product, identified as sku 807329.[3] Sku 804427, an example of which is the glass component of Plaintiff's Exhibit 2, is a tall, somewhat cylindrical, vase-shaped glass structure, open at the top and enclosed at its bottom. Sku 807329, an example of which is Plaintiff's Exhibit 3, is a similar glass structure that is slightly shorter than sku 804427.[4] Customs classified each of these entries under HTSUS

---

[2] See USCIT Rule 56.

[3] The merchandise was imported through the port of Laredo, Texas. The entry numbers, and corresponding protest numbers, for the contested entries are listed within a schedule attached to Plaintiff's Motion for Summary Judgment, the contested entries appearing in bold. Pl.'s Mot. for Summ. J. Schedule [1].

[4] Attached to this opinion are black and white photocopies of two of Plaintiff's exhibits, depicting, respectively, sku 804427, as it appears on the retail packaging of Pomeroy's "Gondola Hurricane" merchandise, Plaintiff's Exhibit 2, and sku 807329, as it appears on the retail packaging of Pomeroy's "Cabernet Pillar Holders" merchandise, Plaintiff's Exhibit 4. The coloring of these exhibits is not relevant to this case.

Subheading 7013.99.50.[5]

Pomeroy protested Customs' classifications, but its protests were denied.[6] After paying all required duties, charges and exactions on the entries,[7] Pomeroy brought this action, challenging the denial of its protests.

As noted above, Plaintiff claims that both sku 804427 and sku 807329 are properly classified as parts of lamps, under HTSUS 9405.91.60.[8] Plaintiff accordingly requests that the court direct Customs to re-liquidate the contested entries, and refund the excess duties collected, with lawful interest. Am. Compl. 6.

## STANDARD OF REVIEW

Customs classification decisions are reviewed *de novo*. See 28 U.S.C. § 2640(a)(1); BASF Corp. v. United States, 30 CIT 227, 236, 427 F. Supp. 2d 1200, 1208 (2006), aff'd, 497 F.3d 1309 (Fed. Cir.

---

[5] HTSUS Heading 7013 applies to "[g]lassware of a kind used for table, kitchen, toilet, office, indoor decoration or similar purposes . . . ." Subheading 99.50 of HTSUS heading 7013 applies to merchandise other than that listed in prior subheadings under HTSUS Heading 7013, that is "[v]alued over $0.30 but not over $3 each."

[6] Customs denied Pomeroy's protests on February 17, 2004, March 16, 2004, August 23, 2004, and March 23, 2005. See Summons, Pomeroy Collection, Ltd. v. United States, No. 04-00290 (filed July 14, 2004); Summons, Pomeroy Collection, Ltd. v. United States, No. 05-00105 (filed Feb. 10, 2005); Summons, Pomeroy Collection, Ltd. v. United States, No. 05-00512 (filed Sept. 13, 2005).

[7] See Am. Compl. ¶ 2; Answer ¶ 2.

[8] HTSUS Heading 9405 applies to "[l]amps and lighting fittings including searchlights and spotlights and parts thereof, not elsewhere specified or included; illuminated signs, illuminated nameplates and the like, having a permanently fixed light source, and parts thereof not elsewhere specified or included." Subheading 91.60 of HTSUS Heading 9405 applies to parts of glass other than globes and shades or chimneys.

2007). Following the familiar two-step analysis, see Pillowtex Corp. v. Unites States, 171 F.3d 1370, 1373 (Fed. Cir. 1999) (citing Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1365 (Fed Cir. 1998)), the court first ascertains the correct meaning of the relevant tariff provisions and then determines the proper classification for the merchandise at issue. Id.  The first step presents a question of law, Franklin v. United States, 289 F.3d 753, 757 (Fed. Cir. 2002), while the second concerns issues of fact. Pillowtex Corp., 171 F.3d at 1373.

The court's analysis of tariff classification provisions in the HTSUS is governed by the General Rules of Interpretation ("GRI"), which are applied in numerical order. Honda of Am. Mfs., Inc. v. United States, 607 F.3d 771, 773 (Fed. Cir. 2010).  In accordance with GRI 1,

> [The] court first construes the language of the heading, and any section or chapter notes in question, to determine whether the product at issue is classifiable under the heading.  Only after determining that a product is classifiable under the heading should the court look to the subheadings to find the correct classification for the merchandise.

Orlando Food Corp. v. United States, 140 F.3d 1437, 1440 (Fed. Cir. 1998) (citing GRI 1).

Summary judgment is then appropriate where there are no genuine issues of material fact with respect to the nature of the merchandise in question, *i.e.*, where determination of the proper classification is a matter solely of correctly construing the meaning and scope of particular tariff provisions. Intercontinental Marble Corp. v. United States, 381 F.3d 1169, 1173 (Fed. Cir. 2004).

**DISCUSSION**

If, as Plaintiff contends, sku 804427 and sku 807329 are classifiable as parts of articles properly classified under Heading 9405, then this merchandise was incorrectly classified under Chapter 70 of the HTSUS, which includes Heading 7013. This is true because Note 1(e) to Chapter 70 specifically exempts from all headings in that Chapter any articles classifiable as parts of articles classified under Heading 9405.[9] For both sku 804427 and sku 807329, therefore, the question before the court is whether each is classifiable as a part of an article which is properly classified under Heading 9405 of the HTSUS.

I. Legal Framework for Proper Classification as 'Part' of Another Article

The appellate court has adopted two tests for determining whether merchandise may be classified as a part of an article. The first is when the article of which the merchandise in question is claimed to be a part "could not function as such article" without the claimed part. United States v. Willoughby Camera Stores, Inc., 21 C.C.P.A. 322, 324 (1933) (emphasis and citations omitted)[10]; see also Bauerhin Techs. Ltd. P'ship v. United States, 110 F.3d 774, 778 (Fed. Cir. 1997) (relying on this "oft-quoted passage" of Willoughby). Thus, for

---

[9] HTSUS, Chapter 70, Note 1(e) ("[Chapter 70] does not cover: (e) Lamps or lighting fittings, illuminated signs, illuminated name-plates or the like, having a permanently fixed light source, or parts thereof[,] of heading 9405.").

[10] See also id. at 326 (merchandise is legally a part of another article if that article is "not capable of the use for which it was intended" without the merchandise in question).

example, a lens that allows a camera to take colored photos is properly a part of such cameras – without such lens, "cameras could not perform one of their proper functions - the taking of colored pictures," Willoughby, 21 C.C.P.A. at 326-27.

The second test by which a piece of merchandise may qualify as a part of another article is if, when imported, the claimed part is "dedicated solely for use" in such article and, "when applied to that use," the claimed part meets the Willoughby test. United States v. Pompeo, 43 C.C.P.A. 9, 14 (1955).[11]  The example here is a supercharger that may be installed in a car engine – although both the car engine and the supercharger are complete in themselves, the supercharger is dedicated solely for supercharging the car engine, and, when applied to that use – i.e., when the article being considered is not just a car engine, but a *supercharged* car engine – the supercharged car engine cannot function without the supercharger, and so the Willoughby test is met. See id. at 13-14.

With this legal framework in mind, the court will consider  each of the items at issue here.

## II.  Sku 804427

Plaintiff argues that sku 804427 should be classified as part of an article which is properly classified under Heading 9405 because sku 804427 was specifically designed to serve as the container for Pomeroy's Gondola Botanical Hurricane, Pl.'s Ex. 2, and the latter

---

[11] See also Bauerhin, 110 F.3d at 779 ("[Willoughby and Pompeo] must be read together. [. . .] Willoughby [] does not address the situation where an imported item is dedicated solely for use with an article.  Pompeo addresses that scenario and states that such an item can also be classified as a part.").

could not function as intended without sku 804427. Pl.'s Br. in Supp. of Mot. for Summ. J. 8-10 (relying on, *inter alia*, Pl.'s Ex. 1 (Pomeroy Aff.) and Pl.'s Ex. 2 (the Gondola Botanical Hurricane product)).

The specific question before the court is whether the Willoughby or Pompeo tests are satisfied with regard to the relationship between sku 804427 and the Gondola Botanical Hurricane.  This is because Customs does not contest that Pomeroy's Gondola Botanical Hurricane, when assembled, is properly classified as under Heading 9405. See Answer to Am. Compl. ¶ 14; see also Pomeroy Collection, Ltd. v. United States, 32 CIT __, 559 F. Supp. 2d 1374, 1386-87 (2008) ("Pomeroy I") (holding certain Pomeroy merchandise, functionally identical to the Gondola Botanical Hurricane,[12] to be properly classified under Heading 9405); Pl.'s Ex. 8 (HQ 964842 (June 25, 2002)) (classifying Pomeroy's "'Gondola' Hurricane Candleholder" under Heading 9405).

Plaintiff is correct that sku 804427 should be classified as part of Pomeroy's Gondola Botanical Hurricane, because the relationship between the sku 804427 glass and the Gondola Botanical Hurricane satisfies the Willoughby test.  The Gondola Botanical Hurricane clearly could not function without the sku 804427 glass, which

---

[12] The difference between the Gondola Botanical Hurricane and the product at issue in Pomeroy I consists only in the shape of the outer glass vessel – bell-shaped in Pomeroy I and hurricane-shaped in the Gondola Botanical Hurricane – and the material to be placed within the glass beneath the candle – sand and stones in Pomeroy I and potpourri in the Gondola Botanical Hurricane. Compare Pl.'s Ex. 2 (Pomeroy's Gondola Botanical Hurricane) with Pomeroy I, __CIT at __, 559 F. Supp. 2d at 1378-79.

Consol. Court No. 04-00290 Page 8

constitutes its external structure. See Pl.'s Ex. 2.[13]  Without the glass part, the metal candleholder, meant to hang over the enclosed potpourri, as depicted on the retail packaging, would have nothing to hang from.  Accordingly, because sku 804427 is appropriately part of an article that is properly classified under Heading 9405, see Pomeroy I, 559 F. Supp. 2d at 1386-87, and is therefore itself classifiable under such heading, see HTSUS, 9405.91, this merchandise was improperly classified under Heading 7013. See HTSUS Chapter 70, Note 1(e).

---

[13] Customs does not agree that the sku 804427 glass is designed to and does fit with the remaining components of the Gondola Botanical Hurricane, and therefore argues that the sku 804427 glass cannot in fact serve as the external structure of the Gondola Hurricane, as depicted on the cover of its packaging. See Def.'s Resp. to Pl.'s Stmt. of Material Facts as to Which No Genuine Issue Exists ("Def.'s Resp. to Pl.'s Stmt. of Facts") ¶¶ 6, 8 ("Mr. Thomas Campanelli, National Import Specialist for lamps and lighting fittings line, examined Plaintiff's Exhibit 2 [the Gondola Botanical Hurricane] and attempted to assemble the item in the manner reflected by the photographs on the box containing Plaintiff's Exhibit 2.  In attempting to assemble the item, Mr. Campanelli determined that it was not possible to balance the arms of the metal candle holder on the rim of the subject glassware as depicted on the retail picture box.  Thus, [Customs claims that] it is reasonable to conclude that sku 804427 was not specifically designed for the purpose reflected by the photographs on Plaintiff's Exhibit 2 since the design of sku 804427 does not lend itself to assembly as illustrated by Plaintiff's [Exhibit] 2." (citing Def.'s Ex. A (Campanelli Decl.) ¶ 6)).

The parties have stipulated that the court will decide this factual issue while ruling on the parties' cross-motions for summary judgment. Tr. of Tel. Conference (June 21, 2011), ECF No. 61, at 3-8. Accordingly, the court finds that the sku 804427 glass, which is uncontestedly included within the retail packaging of Pomeroy's Gondola Botanical Hurricane, as exemplified by Plaintiff's Exhibit 2, does usually combine with the remaining components included in such packaging in order to assemble the Gondola Hurricane.  The depiction of the assembled Gondola Hurricane on the cover of the retail packaging of Plaintiff's Exhibit 2 shows the metal insert fitting on the rim of the glass, and the possible malfunction of one likely defective part, see Pl.'s Ex. 9 (2d Pomeroy Aff.) ¶¶ 5-6, does not negate the item's normal design and function.

III. <u>SKU 807329</u>

Next, Plaintiff avers that sku 807329, exemplified by Plaintiff's Exhibit 3, was specifically designed to serve exclusively as the candle holder in a number of Pomeroy products. Pl.'s Stmt. of Material Facts as to Which There Are No Genuine Issues to be Tried ¶¶ 10-11 (citing Pl.'s Ex. 1 (Pomeroy Aff.) ¶¶ 8-9[14]). Plaintiff contends that these articles could not function in their intended manner without the sku 807329 glass. <u>Id.</u> at ¶ 15 (citing Pl.'s Ex. 1 (Pomeroy Aff.) ¶ 16[15]).

The relationship between the sku 807329 glass and the products exemplified by Plaintiff's Exhibit 4 – and depicted in Plaintiff's Exhibits 5, 6, and 7 – satisfies the <u>Pompeo</u> test, such that sku 807329 is properly a 'part' of such articles. Sku 807329 is "dedicated solely for use" as the wind-breaking and protective structure of these

---

[14] <u>See</u> Pl.'s Ex. 1 (Pomeroy Aff.) ¶ 9 (affirming that sku 807329 was designed to be used in Pomeroy's Cabernet Pillar Holder, exemplified by Pl.'s Ex. 4; the Chardonnay Pillar Holder, depicted in Pl.'s Ex. 5; the Portofino Pillar Holder, depicted in Pl.'s Ex. 6; and the Troubador Wall Sconce, depicted in Pl.'s Ex. 7). The products depicted in Plaintiff's Exhibits 5, 6, and 7, and the product constituting Plaintiff's Exhibit 4, each consist of a metal base supported on a metal stand, with the sku 807329 glass sitting on top and containing a candle. These products all appear functionally identical to one another, differing only in the color of the candle, and the aesthetic details and color of the metal stand supporting the base into which the sku 807329 glass is inserted.

[15] ("[. . .] While one could place an open candle on the metal frames [of these articles], the safety and capabilities of the articles would be severely compromised, especially when used in outdoor settings, and the appearance of the articles would be lessened substantially.").

products,[16] and, "when applied to that use," the Willoughby test is satisfied, as these products cannot function as protected flames without sku 807329. See Pompeo, 43 C.C.P.A. at 14. Accordingly, because sku 807329 is appropriately part of an article that is properly classified under Heading 9405, see Pomeroy I, 559 F. Supp. 2d at 1386-87,[17] and is therefore itself classifiable under such heading,

---

[16] See Pl.'s Ex. 1 (Pomeroy Aff.) ¶ 15 (affirming that, for each article, sku 807329 was designed to "serve[] to hold the pillar candles; to contain the flame; to enable the candles to remain lit in light breezes or air currents; and to prevent possible burns, or the ignition of flammable materials, from what would otherwise be open flames").

Although Customs does not concede that sku 807329 was designed to serve, and is in fact amenable to serving, these purposes, Def.'s Resp. to Pl.'s Stmt. of Facts ¶ 11 (arguing that sku 807329 "does not contain physical characteristics associated with candleholders in that [it] has a domed or convex bottom that would make it unsuitable for holding a candle which should, at a minimum, have a flat surface upon which to stabilize a candle" (citing Def.'s Ex. A (Campanelli Decl.) ¶¶ 7-8), the dispute does not rise to the level of a genuine dispute of material fact. As exemplified by Plaintiff's Exhibit 4, the sku 807329 glass clearly fits with the rest of the components included within the retail packaging for these products, so as to serve as the assembled product's wind-breaking and protective structure. Any slight curvature in the bottom is immaterial. Accordingly, Customs does not present, or claim the presence of, a genuine dispute regarding an issue of material fact. See Def's Stmnt. of Material Facts as to Which No Genuine Issue Exists ("[T]here are no material facts as to which there exists a genuine issue to be tried and the issues are amenable to resolution through dispositive motions.").

[17] See also World Customs Organization, Harmonized Commodity Description and Coding System: Explanatory Note 94.05 ("Lamps and lighting fittings [classified under Heading 9405] can . . . use any source of light [including] candles . . . . This heading covers in particular . . . [p]ortable lamps [], e.g.,[] hurricane lamps . . . ."); N. Am. Processing Co. v. United States, 236 F.3d 695, 698 (Fed. Cir. 2001) ("Although the Explanatory Notes are not legally binding or dispositive, they may be consulted for guidance and are generally indicative of the proper interpretation of the various HTSUS provisions." (citation omitted)). Customs does not contest that the products exemplified by Plaintiff's Exhibit 4 and depicted in Plaintiff's Exhibits 5, 6, and 7 are properly classified under Heading 9405. See Answer to Am. Compl. ¶ 22; see generally Def.'s Mem. L. in Opp'n to Pl.'s Mot. for Summ. J. and in Supp. of Def.'s Cross-Mot. for

see HTSUS, 9405.91, this merchandise was also improperly classified under Heading 7013. See HTSUS Chapter 70, Note 1(e).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED, and Defendant's cross-motion for summary judgment is DENIED. The parties are directed to prepare and submit to the court, by July 27, 2011, a judgment, in accordance with this opinion, to be entered by the court.

It is **SO ORDERED**.

                                           /s/ Donald C. Pogue
                                       Donald C. Pogue, Chief Judge

Dated: July 6, 2011
        New York, N.Y.

---

Summ. J.



GONDOLA · HURRICANE

# SAN MIGUEL CANDLE LAMPS

- HAND-FORGED, RUSTIC FINISH IRON SUPPORT SUSPENDS A CANDLE INSIDE A BOTANICAL-FILLED GLASS HURRICANE.
- INCLUDES VANILLA-SCENTED RUSTIC CANDLE AND SPICED PEAR-SCENTED BOTANICALS.
- DRAMATIC LIGHTING FOR TABLE OR BUFFET.
- MEASURES 9¼" HIGH.

**CANDLE AND BOTANICALS INCLUDED**
BOTANICALS ARE FLAME RETARDANT



#635274

IRON, GLASS AND CANDLE MADE IN MEXICO • BOTANICALS ARE MADE IN THE USA AND ARE FLAME RETARDANT
BOTANICAL ELEMENTS MAY VARY • THE POMEROY COLLECTION • HOUSTON, TX 77041 • www.pomeroycollection.com

# SET OF 2 PILLAR HOLDERS



CABERNET by
San Miguel CANDLE LAMPS

- GRACEFUL, RUSTIC FINISH IRON PILLAR HOLDERS IN TWO DRAMATIC HEIGHTS.
- INCLUDES 2 HOLDERS, 2 GLASS HURRICANES AND 2 VANILLA-SCENTED, BURGUNDY OR IVORY PILLAR CANDLES.
- THE SOFT ILLUMINATION OF CANDLELIGHT ENHANCES ANY SETTING, ANY OCCASION.
- SMALL: 11½" HIGH. LARGE: 14" HIGH.

## CANDLES INCLUDED



#932007-BURGUNDY CANDLES/#932014-IVORY CANDLES
MADE IN CHINA OR MEXICO.
THE POMEROY COLLECTION • HOUSTON, TX 77041 • www.pomeroycollection.com